UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA L. ROBINSON,

                            Plaintiff,

            -against-

MAGNA CARE,

                           Defendant.

24-CV-0869 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Connecticut, is appearing *pro se*. She brings this complaint against Defendant Magna Care, a health plan administrator. Plaintiff invokes the Employee Retirement Income Security Act (ERISA), the Health Insurance Portability and Accountability Act (HIPAA), the Genetic Information Nondiscrimination Act (GINA), and amendments to Title XXVII of the Public Health Service Act (the "No Surprises Act"). Plaintiff also asserts a claim against Magna Care for an alleged "breach of fiduciary duty." (ECF 1 at 2.)

      By order dated March 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Lakiea Robinson alleges the following facts, without any further explanation:

> The management team of Coca-Cola told Sed[g]wick to deny claim and [M]agna Care to accept bill. This was a cover-up so things I was really being exposed to mentally and physically would not be discovered. They was supposed to tell Coca-Cola no and send it back to Sed[g]wick (Insurance Carrier). Instead they did what Coca Cola told them to do. Also I feel as thou Coca Cola contacted them about all my medical bills which I did not give authorization to disclose all my medical bills to Coca-Cola.
>
> Please see attached billing statement along with medical report . . . .

(ECF 1 at 5.)[1]

Plaintiff attaches to this complaint a letter from St. Vincent's Medical Center with information regarding her February 21, 2017 emergency room visit.[2] (*Id.* at 9.)  The letter

---

[1] All spelling and punctuation in quoted material are from the original, unless otherwise noted.

[2] In Plaintiff's separate suit against Sedgwick Claims Management Services, Inc., she references the same medical visit. In that suit, Plaintiff alleged that she sought "medical attention at Saint Vincent Emergency Room for mental stress and received a New York State Workers Comp Board Claim Administrator Claim number," from claim administrator Sedgewick Claims Management Services, Inc. *Robinson v. Sedgewick Claims Management Service*, No. 23-CV-10782 (LTS) (S.D.N.Y.) (Complaint, ECF 1 at 11.)

indicates that Magna Care paid $1333.92, and that, after "a contractual adjustment," the balance

was $0. The letter also indicates that it had "no record of a patient payment on the account." (*Id.*)

Plaintiff brings this suit against Magna Care, seeking "to be fully compensated . . . ." (*Id.*

at 6.) She also requests appointment of *pro bono* counsel and seeks attorney's fees.

It appears from Plaintiff's other suits in this Court that Plaintiff worked in Coca Cola's

factory in Elmsford, New York, until April 1, 2017. *Robinson v. Sedgwick Claims Management

Serv.*, No. 23-CV-10782 (LTS) (S.D.N.Y.) (ECF 1 at 9.) In 2017, she sought medical treatment

for mental stress, allegedly as a result of harassment at work, and she applied to the New York

State Workers Compensation Board for benefits, which were denied. (*Id.* at 11.) In addition to

this suit and her suit against Sedgwick, Plaintiff has brought separate actions against other

defendants arising out of her employment at the Coca Cola factory.[3]

## DISCUSSION

### A.    Short and Plain Statement of Claim

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

---

[3] Plaintiff has two pending suits under Title VII of the Civil Rights Act, one against her
former employer, Coca Cola, *Robinson v. Coca Cola*, No. 1:23-CV- 10552, 1 (LTS) (S.D.N.Y.),
and one against health insurance company Aetna,  *Robinson v. Aetna*, No. 1:23-CV-1100, 1
(S.D.N.Y.) (complaint alleging that in 2017, Robinson was denied leave under the Family and
Medical Leave Act). Plaintiff also brought an action unrelated to her employment at the Coca
Cola factory against employees of Advance Rheumatology Center in Connecticut. *See Robinson
v. Kelly*, No. 24-CV-0625 (S.D.N.Y. Jan. 29, 2024) (transferred to District of Connecticut).

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

It is unclear from Plaintiff's complaint what she believes Defendant Magna Care did or failed to do that violated her rights. It appears from the complaint that Plaintiff received emergency medical care in 2017, and that Magna Care paid the charges, leaving Plaintiff with no balance to pay. Plaintiff seems to suggest that a different claims administrator, Sedgwick Claims Management Services, Inc., should have handled the matter. It is unclear why Plaintiff believes that Sedgwick should have done so, or how this affected Plaintiff. Plaintiff invokes numerous federal statutes, but it is unclear from the facts alleged how the fact that Magna Care handled her claims, rather than Sedgwick, violated her rights under any of the federal statutes she invokes. Plaintiff thus fails to plead facts sufficient to state a claim arising under federal law.

## B.    HIPAA

Plaintiff invokes the HIPAA and asserts that her medical records were released to her former employer in violation of her rights. The Second Circuit has explained, however, that an individual does not have a claim under the HIPAA based on such allegations:

> HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. But the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1). Nor does the statute imply a private cause of action. *See Ziglar v. Abbasi,* [137 S. Ct. 1843, 1855–56] (2017). By delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy.

*See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

Because there is no private right of action for an individual to bring suit under the HIPAA, the Court dismisses Plaintiff's HIPAA claims and instructs her not to reassert such claims in any amended complaint that she may choose to file.

## C.    Pro Bono Counsel

Plaintiff asks the Court to locate pro bono counsel for this matter. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to show that she has some claim against Magna Care, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.  If Plaintiff files an amended complaint, Plaintiff must also include allegations as follows:

1.    Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were involved in the alleged deprivation of her federal rights.

2.      In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

      1.      the names and titles of all relevant people;

      2.      a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

      3.      a description of the injuries Plaintiff suffered; and

      4.      the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint. Moreover, because Plaintiff's claims appear to have arisen many years before she filed this action and may therefore be barred by the application statutes of limitations, the Court directs Plaintiff to include in her amended complaint any facts showing why equitable tolling of the limitations period is appropriate.

**CONCLUSION**

The Court denies Plaintiff's application for the Court to request pro bono counsel. (ECF 3.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-0869 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff may agree to accept service of court documents by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    April 15, 2024
             New York, New York

                                      /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                        Middle Initial           Last Name

_____

Street Address

_____

County, City                                    State                    Zip Code

_____        _____

Telephone Number                                Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.