UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAKIEA ROBINSON,

        Plaintiff,

-against-

MAGNA CARE, ET AL.,

        Defendants.

24-CV-0869 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this suit alleging that Defendants violated her rights. This action is one of six complaints filed in 2023 and 2024 that relate to or arise out of Plaintiff's employment at a Coca-Cola factory, which ended in 2017.[1]

By order dated April 15, 2024, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on April 25, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] *See Robinson v. Kelly*, ECF 1:24-CV-625, 4 (LTS) (S.D.N.Y. Jan. 29, 2024) (complaint alleging unauthorized disclosure of information to plaintiff's former employer transferred to Connecticut); *Robinson v. Bagwell*, ECF 1:24-CV-621, 1 (UA); *Robinson v. Sedgewick*, ECF 1:23-CV-10782, 6 (S.D.N.Y. Apr. 15, 2024) (amended complaint filed); *Robinson v. Coca-Cola*, ECF 1:23-CV-10552, 1 (UA); *Robinson v. Aetna,* No. 1:23-CV-11100, 1 (LTS) (S.D.N.Y.).

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

In her amended complaint, Plaintiff Lakeia Robinson alleges the following facts. Plaintiff had insurance coverage for health care, dental care, and drug prescriptions with Magna Care for 12 years, through her former employer, Coca-Cola. Magna Care also covered Plaintiff's children,

who were minors at the time but are now "full adults." (ECF 1 at 5.) Plaintiff makes the following claim:

> Myself nor my now adult children never would have willingly given Magna Care consent/permission to release approximately twelve / 12 years of Medical, Dental and prescription billing information to Coca Cola. My adult children Billing Records was intentionally targeted because of Me and I have never known you to act in the form of Mannerism/professionalism with any other current or former union members. Magna Care gave Coca-Cola our billing information at that time without City, State or Federal court order. By giving out our billing information can lead to someone drawing a false conclusions. No one contacted me in writing, by phone, email, messenger, newspaper public notification or personel messenger to ask me or my now adult children for our consent for full disclosure of billing records.

(ECF 1 at 5-6.)[2]

Plaintiff also refers to a matter that she has raised in a separate suit. She alleges that "Magna Care did what Coca-Cola told them to do concerning my WCB-Sedgewick case." (*Id.* at 6.) Plaintiff acknowledges the delay in bringing her claims, which arose in or before 2017, but states that "there was so many different parts to this Coca Cola case is why it took so long. . . ." (*Id.*)

Plaintiff seeks $5 million for herself and $5 million each for her two adult children. In addition to suing Magna Care, in the amended complaint, Plaintiff adds the following defendants, who were not named in the original complaint: Coca-Cola; Coca-Cola's Human Resources Director Mike Van Aken and Manager Dianna Hollerhan; Coca-Cola's Elmsford Branch Manager David Prespitino; Prespitino's "boss," John Sweeny; and "Local Teamsters 812." (*Id.* at 4.) Plaintiff has already sued many of these defendants in other pending suits.[3]

---

[2] The spelling, grammar, and punctuation in all quoted material is from the original, unless otherwise noted.

[3] Plaintiff has sued "Teamsters Local 812" in another suit against Coca-Cola, *Robinson v. Coca-Cola*, No. 23-CV-10552 (LTS) (S.D.N.Y.), in which she alleges, among other things, breach of the duty of fair representation in connection with the loss of her employment in April

Moreover, Plaintiff has added many of these same new defendants (Coca-Cola, Mike Van Aken, Dianna Hollerhan, David Prespitino, and John Sweeny) in her amended complaint filed in *Robinson v. Sedgewick Claims Management*, No. 23-CV-10782 (LTS) (S.D.N.Y.), which is her suit regarding the denial of worker's compensation benefits for a two-day illness in February 2017.

## DISCUSSION

### A.  Claims on behalf of others

Plaintiff seeks damages on behalf of her children, who are not listed in the caption as plaintiffs and who have not signed the amended complaint. As a nonlawyer, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). *See also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child").

Here, Plaintiff alleges that medical billing information relating to her children, who are now adults, was released to her employer in connection with her worker's compensation benefits claim. If the facts regarding the release of the children's billing information stated any

---

2017. Plaintiff had originally named John Sweeney, Mike Van Aken, Adam Learman and David Prespitino in that suit, but she filed an amended complaint as of right that did not include these individuals, and only Coca-Cola and Teamsters Local 812 are named defendants in that suit.

4

cognizable claim, such claim would belong to the children, and Plaintiff therefore cannot bring these claims on their behalf without counsel. The Court therefore dismisses without prejudice any claims that Plaintiff is asserting on behalf of her children.

**B.     Disclosure of billing information**

In her initial complaint, Plaintiff asserted claims under the HIPAA, based on the alleged release of her health information in connection with her claim for workers compensation. By order dated April 15, 2024, the Court explained that, although the HIPAA prohibits disclosure of health information without consent, individuals do not have a right to sue for a violation of HIPAA. The Court further directed Plaintiff to plead facts showing how Defendants violated her rights under the other statutes that she invoked, including the Employee Retirement Income Security Act (ERISA), the Genetic Information Nondiscrimination Act (GINA), and amendments to Title XXVII of the Public Health Service Act (the "No Surprises Act"). Moreover, the Court noted that it appeared from the exhibits to the complaint that the balance for the healthcare bill at issue involving Magna Care was zero and that she had not been required to make any payment.

In the amended complaint, Plaintiff invokes, as the basis for her claims, the Tenth Amendment to the United States Constitution, Section 5 of the Fourteenth Amendment, ERISA, "discrimination" on unspecified bases, "confidentiality," state law, and various references to privacy ("Privacy Rights, Rights of Adolescence, Child's Protective Health Information, Zone of Privacy, Privacy Rule for Adolescents . . . .").[4] It is unclear from the allegations of the complaint how the disclosure of billing information relates to any of the federal and state laws and

---

[4] Insofar as Plaintiff invokes asserted rights belonging to her children, as explained above, she cannot prosecute such claims *pro se*, and such claims are dismissed without prejudice.

doctrines that Plaintiff identifies. For example, the Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively . . . ." U.S. Const. Art. X. This amendment, which helps define the relationship between the federal and state governments, has no apparent relevance to Plaintiff's allegations that billing information was released to her private employer. Moreover, generally, "the United States Constitution regulates only the Government, not private parties," *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002), and Plaintiff's suit is against private individuals and parties with no apparent link to any Government entity.

The facts alleged also do not suggest any unlawful discrimination on any basis that is apparent on the face of the complaint. Finally, many of the concepts that Plaintiff invokes, such as "Privacy Rights" or "Zone of Privacy" do not point to any identifiable statutory basis for a claim.

As set forth in the April 15, 2024 order, Rule 8 requires a complaint "to make a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, in the amended complaint, Plaintiff seeks millions of dollars, apparently in connection with the release of medical billing information to her former employer in 2017, possibly in connection with her worker's compensation claim, about which she has filed a separate suit. Plaintiff refers vaguely to the Constitution and various general concepts ("privacy," "confidentiality," "discrimination"). Courts must construe a *pro se* plaintiff's factual allegations to raise the strongest claims that they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) ("[O]ur holding is rooted in our well-worn precedent concerning a district court's obligation to liberally construe *pro se* submissions. We do not expand that obligation here, nor do we purport to task district courts with the responsibility of scouring obscure bodies of law in order to come up with

novel claims on behalf of *pro se* litigants."). Here, despite having been granted an opportunity to amend her complaint to cure its deficiencies, Plaintiff has not alleged facts in the amended complaint that suggest any readily identifiable claims. Plaintiff's allegations fail to comply with Rule 8, and her amended complaint must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff is pursuing claims against Defendants Coca-Cola, Mike Van Aken, Dianna Hollerhan, David Prespitino, John Sweeny, and Teamsters Local 812 in other pending suits and, because the claims she brings here may overlap in some way with those asserted in other suits, the Court dismisses her claims against these defendants without prejudice.

**C.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's claims against Defendants Coca-Cola, Mike Van Aken, Dianna Hollerhan, David Prespitino, John Sweeny, and Teamsters Local 812 are dismissed without prejudice. The Court also dismisses without prejudice any claims that Plaintiff is attempting to bring on behalf of her children. The federal claims asserted in Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are otherwise dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: May 28, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge